Sidney Squire, J.
These two claims involving one parcel of real property permanently appropriated by the State, were tried together with the further stipulation that separate judgments were to be entered.
The respective three proposed decisions submitted by each of the claimants and the State have been passed upon today by the court in writing. The portions thereof “ found ” by us and this memorandum constitute the court’s decision upon which judgment shall be entered. Here in place of the “ refused ” proposed findings of fact and conclusions of law we shall state the additional essential facts found and make appropriate legal conclusions.
The implied motions (Civ. Prac. Act, § 440) for judgment made by each of the claimants are granted. Such motion of the State to dismiss the Kesbec claim, is denied.
The property appropriated pursuant to article XII-A of the Highway Law and title 9 of article II of the Public Authorities Law, was designated as Map No. 295, Parcel 394. The Superintendent of Public Works of our State by virtue of the authority vested in him, deemed said premises necessary to be acquired in fee by the sovereign power as part of the Southern Westchester Connection of the State Thruway. It was a total taking.
Claimant, Sunnybrook Realty Co., Inc. (hereinafter “ Sunny-brook”), was the owner in fee of the land and buildings thereon which had been leased by it to Yonkers General Tire, Inc. (hereinafter “Yonkers ”). Each of said corporations was owned by the Cuomo family consisting of a mother and three sons. The business was conducted as a family enterprise.
By written instrument dated July 5,1956, said tenant assigned to Sunnybrook all of the former’s right, title and interest in and to all of its items of property installed and contained upon said premises as well as any claim which it had against the State as the result of this appropriation. Sunnybrook’s claim is for $250,000.
The other claimant, Kesbec, Inc. (hereinafter “Kesbec”), was the owner of certain underground gasoline tanks which had been installed into the premises for use in connection with *741 the tenant’s business of gasoline station, motor vehicle repairs, tire recapping, etc.
Kesbec’s filed claim involved two parcels of real property severally denominated as: “A”, the one at bar affecting No. 1002 Central Park Avenue, Yonkers; and “ B ”, the other unrelated property at Tarry town. Although the claim was filed for $12,240, only $6,525 thereof as pleaded referred to the instant appropriation.
At the opening of the trial, Kesbec moved for a severance of its claim so that the portion concerned with the instant appropriation would then be tried and the balance tried at another time with two separate judgments. The motion was granted.
Then Kesbec moved to withdraw items I, "VT and VII from “A ”, reducing its demand to $4,905. That, too, was granted. However, at the conclusion of its proof, Kesbec moved to conform its pleading to the proof by increasing its claim to $5,059. The motion was granted.
The State maintains that Kesbec’s claim should be dismissed, urging this court to apply the six months’ Statute of Limitations prescribed in subdivision 4 of section 10 of the Court of Claims Act. Said subdivision is the “catchall” portion for “any other claim not otherwise provided for by this section ”.
The State maintains that Kesbec’s nine underground tanks were personalty. We find that they were not, having been imbedded into the land, becoming affixed to the realty, improving the same and being not removable without injury to the realty and virtual destruction of said fixtures.
The realities of the situation are emphasized by the provisions of the written agreements between Kesbec and Yonkers, the tenant, corporate affiliate and assignor of Sunnybrook. It was specifically agreed, for example, that if said agreements were terminated, Kesbec would have 60 days to negotiate with the owner of the premises (here Sunnybrook) for the sale of the underground items to said landlord and that nothing would obligate Kesbec “to remove any underground equipment ”. The physical facts in this case cannot be disregarded.
It sounds superfluous to say again that each case must depend on its own innate facts. The State’s proposed finding No. 21 declares that said written ‘ ‘ instruments provided for the removal of said underground storage tanks by Kesbec, Inc., upon the conditions therein prescribed.” We have so found for indeed that was contained in a portion of one sentence thereof. But to determine the issue involved on the alleged strength of that portion alone would violate justice for we would be over *742 looking the more potent prescriptions in the writings and disregarding the practicalities involved.
Perhaps it might not be amiss to reiterate the oft-qnoted superlative language and logic of Finch, J., in Eighth Ave. Coach Corp. v. City of New York (286 N. Y. 84, 89): “Words considered in isolation may have many and diverse meanings. In a written document the word obtains its meaning from the sentence, the sentence from the paragraph, and the latter from the whole document, all based upon the situation and circumstances existing at its creation. ’ ’ In the light thereof, we must find that Kesbec’s underground tanks are not personalty and consequently conclude that they are compensable items of property.
Accordingly, we apply the two years’ Statute of Limitations contained in subdivision 1 of said section 10. Kesbec’s claim was timely filed within that period.
The reasonable value of said Kesbec property on the appropriation date was $1,955. Kesbec is entitled to judgment herein against the State of New York for said $1,955 with interest thereon from June 15,1954 to December 15,1954 and from April 15, 1955 to the date of entry of judgment herein.
On the appropriation date at bar, the reasonable total value of Sunnybrook’s property was $139,084.85, consisting of $76,-256.50 for the land, $45,145 for the buildings and improvements and $17,683.35 for equipment and fixtures. Sunnybrook is awarded judgment herein against the State of New York for said $139,084.85 with interest from June 15, 1954 to the date of entry of judgment herein.
The total damage resultant from the instant appropriation is $141,039.85 comprising damages to Sunnybrook for $139,084.85 and to Kesbec, $1,955.
Separate judgments are to be entered accordingly.