Aaron F. Goldstein, J.
These are motions for the confirmation of the final report of the Commissioners of Estimate and for the taxation of costs in the above-captioned proceeding. The County Attorney opposes the first of these two motions.
The claimant in this proceeding, Samuel W. H. Nexsen, purportedly obtained title to the premises in question through the deed of one James T. Heenahan, as trustee in bankruptcy of the Lido Realty Corporation. The County Attorney takes the position that the claimant did not obtain title to the sewer network since the trustee’s quitclaim deed is silent respecting the transfer of any personal-property. Therefore, the underlying question to be determined is whether the sewer system is realty or personalty. If it is construed to be realty then, of course, the deed conveyed title to the sewer system. (Real Property Law, § 2.)
The deed purports to “ remise, release and quitclaim to the claimant, his successors, and assigns forever. All those certain *385 pieces or parcels of land situated, lying and "being, near Long Beach in the Town of Hempstead * e * as shown on a certain map entitled ‘ Lido Beach, Section A,’ * * * owned by Lido Realty -Corporation * * * dated July 1926 * * * being more particularly described as follows: All those pieces and parcels of land shown on said map as lying within and constituting Ocean Boulevard, Allevard Street, * * * together with the appurtenances and all the estate and rights of the party of the first part in and to said premises.” (Italics supplied.)
There appears to be no challenge in this proceeding relative to Lido Realty Corporation’s title to the sewer system. Accordingly, the court assumes that the Lido Realty Corporation possessed title to the sewer system prior to conveyance to the claimant.
In deciding whether the sewer system is real property or personal property the court must apply those principles of law which will enable it to determine the nature and classification of the sewer network. It is a well-established principle of law that when chattels are affixed or annexed to real property they generally become part of the realty and are construed to be permanent fixtures. This court recognizes, of course, that there are many exceptions to the general rule, but when confronted with a situation such as the one before this court, the exceptions have no application. The next question to be determined is whether the sewer network is a fixture annexed to the realty so as to become a part thereof.
Generally, fixtures are articles which were personalty but which by being annexed to realty are regarded as a part thereof. (36A O. J. S., Fixtures, § 1, p. 587 [1961].) Ordinarily for an article to become a fixture the following requisites must be met: Firstly, there must be annexation to the realty. Secondly, there must be adaptability of the article affixed to the use of the freehold. Thirdly, the intention of the party creating the annexation is to make the article a permanent accession to the freehold. (Porter v. Cromwell, 40 N. Y. 287, 296-297; Marine Midland Trust Co. of Binghamton v. Ahern, 16 N. Y. S. 2d 656 [Supreme Ct., Broome County]; Teaff v. Hewitt, 1 Ohio St. 511.)
In the instant case, the sewer pipes were imbedded within the streets. The only means of access to the pipes were manholes in those streets. Thus, the sewer pipes were annexed to the realty. According to the evidence adduced at the hearing, and the Commissioners’ findings, the sewer network was in *386 good operating condition with the exception of one stoppage near the outflow at the time of the county’s acquisition. The Commissioners further found, that notwithstanding the stoppage, the network was adequate and capable of the collection and disposal of the sewerage through its system. From the foregoing, it cannot be questioned that the sewer network, including the pump, was specifically affixed to the realty to provide the people, whose homes were connected to the system with sanitary disposal facilities. Therefore, the sewer system was adapted and constructed for the use of the freehold and the second requirement has been met. When the sewer line was constructed, it had an estimated life of approximately 75 years. Furthermore, it would be ridiculous to assume that the Lido Realty Corporation, intended to remove the sewer line when it conveyed the land. This court therefore finds, that the sewer system, having been imbedded into the land, thus becoming affixed to the realty, improving the same and not being removable without substantial damage to the realty and virtual destruction of the sewer network, are fixtures and thus real property. (See and cf. Sunnybrook Realty Co. v. State of New York, 15 Misc 2d 739, mod. on other grounds 11 A D 2d 888, motion to amend order of App. Div. den. 11 A D 2d 961 [underground gasoline tank]; see, generally, Matter of City of New York [Lincoln Sq. Slum Clearance], 24 Misc 2d 190.)
It is a general maxim of the law that whatever is fixed to the realty becomes part of it, and partakes of all its incidents and properties. (Benenson v. Ritzmann, 203 Misc. 768.) The Court of Appeals in Mott v. Palmer (1 N. Y. 564, 569 [1848]) said: “ The word land, when used in a deed, includes not only the naked earth, but every thing within it, and the buildings, trees, fixtures and fences upon it. [Cases cited]. A deed passes all the incidents to the land as well as the land itself, and as well when they are not expressed as when they are.” Fixtures, such as a sewer system, like buildings and fences are corporeal in their nature and the subjects of seisin, like the land itself, of which they are regarded in the law as part. A sewer network, such as the one involved herein, is not only indispensable to the enjoyment of real estate, but it is in its nature real estate to the same extent that houses and other structures on the land are so. A loose timber, before it is used in the construction of a house, is personal property, and so are a sewer pipe and pump before they are used in the construction of a sewer system. When either is applied to their appropriate use in a house or a sewer network, their legal nature and classification is changed. It becomes real property and is governed by the law which *387 regulates land, descending to the heir as part of the inheritance, and passing by a deed as part of the freehold. (Cf. Mott v. Palmer, supra, p. 570.) The same proposition was clearly enunciated in Matter of Mayor of City of N. Y. (39 App. Div. 589). Judge Rumsey, speaking for the court, said in part (p. 595): “Whatever has been put upon the land by the owner with the intention that it should remain upon the land and was essential to the use which he made of it, is, generally speaking * * * a fixture, and goes with the land when he sells it.” Accordingly, this court finds that the sewer system in question is realty and that it was conveyed with the land in the deed from the trustee in bankruptcy to the claimant.
There being no claim that the awards made by the Commissioners were excessive or based on erroneous principles of law, the motion to confirm the report of the Commissioners of Estimate is granted. Furthermore, there being no opposition to the motion for the taxation of costs in the instant proceedings, that motion is granted. Submit order.